THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO: 20-00439 |
| One Taurus Millennium PT 138, .380 caliber handgun, serial number KSE 51569 | * |
| Defendant. | * |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW the United States of America, by and through Richard W. Moore, United States Attorney for the Southern District of Alabama, and brings this Verified Complaint for Civil Forfeiture *In Rem*, with the following allegations:

### NATURE OF THE ACTION

1. This action is brought against the defendant firearm to enforce 18 U.S.C. § 924(d)(1), which subjects to civil forfeiture any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g), including subsection (g)(1), which makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to possess any firearm which has been shipped or transported in interstate commerce.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture *in rem* under 28 U.S.C. § 1355(a).

3. Venue is proper in this Court based on 28 U.S.C. § 1355(b)(1)(A), as the district in which acts or omissions giving rise to the forfeiture occurred, and 28 U.S.C. § 1395(a), because the action accrued in this district.

## THE DEFENDANT *IN REM*

4. The defendant is One Taurus Millennium PT 138, .380 caliber handgun, serial number KSE 51569, which was seized in Selma Alabama, which is in Dallas County, Alabama.

## SUPPORTING FACTS

5. In Selma, Alabama, Dexter P. Hatcher and co-conspirator Jarvis J. Baldwin conspired to sell powder cocaine and sold powder cocaine to an Alabama Law Enforcement Agency Confidential Informant (ALEA CI). In addition to selling cocaine to the ALEA CI, Hatcher sold firearms to him/her.

6. On or about December 22, 2016, Hatcher knowingly possessed in or affecting interstate or foreign commerce, a Taurus Millennium PT 138, .380 caliber handgun, serial number KSE 51569, when he sold it to the ALEA CI.

7. While Hatcher agreed in *United States v. Dexter Hatcher, et al.*, 19-cr-00150-WS, to forfeit the defendant firearm, criminal forfeiture cannot be accomplished because inadvertently he was not convicted of the indictment count charging him with possession of it.

8. Before Hatcher possessed the defendant firearm, he had been convicted of a felony offense, that is, a crime punishable by imprisonment exceeding one year, to-wit: Unlawful Distribution of Controlled Substance (Cocaine) on March 12, 2012, in the Circuit Court of Dallas County, Alabama, case number CC-2012-000072.

9. At the time he possessed the defendant firearm, Hatcher knew that he had been convicted of a felony offense.

10. Taurus Millennium PT 138, .380 caliber handguns are manufactured in Brazil.

11. Hatcher possessed the defendant firearm in or affecting interstate or foreign commerce because he possessed it in Selma, Alabama, as it had traveled in interstate or foreign commerce to Selma after being manufactured in Brazil.

## COUNT ONE

12. Plaintiff adopts and re-alleges paragraphs 1 through 11 as if fully set forth herein.

13. Pursuant to 18 U.S.C. § 922(g)(1), a person who has been convicted of an offense punishable by more than one year in prison is prohibited from knowingly possessing any firearm which had been shipped or transported in interstate or foreign commerce.

14. At the time Hatcher possessed the defendant firearm in Selma, Alabama on or about December 22, 2016, he was prohibited from knowingly possessing firearms in or affecting interstate or foreign commerce due to his 2012 conviction for Unlawful Distribution of a Controlled Substance, a Class B felony under 13A-12-211(b) and 13A-5-6 (a)(2), *Code of Alabama*, which is punishable by a sentence of not more than 20 years or less than two years in prison.

15. Title 18, U.S.C. § 924(d)(1), subjects to civil forfeiture any firearms or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1).

16. The defendant firearm was involved in or used in a knowing violation of 18 U.S.C. § 922(g)(1), because Hatcher knew that he had been previously convicted of a felony offense and was prohibited from possessing a firearm, making it subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

**WHEREFORE**, the United States of America requests that the defendant be forfeited and condemned to the United States of America; that it be awarded its costs and disbursements in this action; and that it be granted such further relief as this Court deems proper and just.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

By:     */s/Alex F. Lankford, IV*
_____
Alex F. Lankford, IV
Assistant United States Attorney
63 S. Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

## **VERIFICATION**

In accordance with 28 U.S.C. § 1746, I hereby declare as follows:

I, Thomas D. Nevin, Jr., hereby declare and state:

I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since November 2008. As a Special Agent with ATF, one of my responsibilities is conducting criminal investigations concerning alleged violations of the Federal firearms laws. I have acquired knowledge and experience as to firearms and ammunition and the interstate nexus of firearms and ammunition, due to investigations, research, records, familiarity, conferring with other experts, training, and certifications. I prepare reports and official correspondence relating to the identification, origin, and classification of firearms and ammunition under the provisions of the Federal firearms laws.

During the course of my duties, I have examined firearms and rounds of ammunition for purposes of that specific investigation and also for the purpose of determining the manufacturer, model, caliber/gauge, and serial number; the place of manufacturer; function and design, and/or status as related to the National Firearms Act.

I have contacted the ATF National Tracing Center on numerous occasions and requested firearms traces concerning the manufacture and interstate/intrastate shipment of firearms. I have also assisted Federal, state and local law enforcement agencies with firearm traces.

I have had contacts with firearms dealers and manufacturers who are Federal firearms licensees, regarding licensing application, firearms transfer, acquisition, disposition, compliance, and criminal enforcement matters.

I have received formal training for law enforcement personnel in both a general and specific nature as it pertains to the recognition and identification of firearms and ammunition and their place of manufacture. This training includes, but is not limited to the following:

Criminal Investigator Training Program (CITP), Federal Law Enforcement Training Center (FLETC), Glynco, Georgia; ATF Special Agent Basic Training (SABT), ATF Academy, Glynco, Georgia; Firearms Interstate Nexus Training, ATF, Redstone Arsenal, Huntsville, Alabama; and, December 2015 tour of Remington Arms Company, Huntsville, Alabama.

I have access to current information regarding a historical list of licensed U.S. and foreign manufacturers, importers, and distributors, as well as, common firearms proof marks utilized by numerous foreign countries.

I have also accumulated a personal reference library of firearms and ammunition related publications such as the Blue Book of Gun Values (36th Edition), Gun Trader's Guide (37th Edition), Gun Trader's Guide to Rifles, Gun Digest Book of Modern Gun Values (17th Edition), Gun Digest 2016 (70th Edition), Standard Catalog of Military Firearms (7th Edition) and the Ammo Encyclopedia (5th Edition) in order to remain familiar with firearms and firearm trends.

I make this declaration based on my participation in this investigation, including my communications with Special Agents of the Alabama Law Enforcement Agency (ALEA) who conducted the investigation of Dexter Hatcher and Jarvis Baldwin, my review of witness interviews and reports conducted and written by ALEA Special Agents who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The facts set forth in the Supporting Facts section of the Verified Complaint *In Rem* are provided to state sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial. It does not contain all facts of which I am aware relating to this investigation.

I have read the Supporting Facts of the foregoing Verified Complaint *in Rem*, know the contents thereof, and I hereby verify and declare under penalty of perjury that the matters contained therein are true and correct to the best of my knowledge, information, and belief.

_____
Thomas D. Nevin, Jr., Declarant
Special Agent, ATF

## CERTIFICATE OF SERVICE

On the 18th day of September, 2020, I certify that I sent the attached Notice of Judicial Forfeiture Proceeding, a copy of the Complaint *In Rem*, via the United States Postal Service, Certified Mail/Return Receipt Requested, and Regular U.S. Mail to the following:

Dexter P. Hatcher and Register No. 17683-003
FCI Texarkana
Federal Correctional Institute
P.O. Box 7000
Texarkana, Texas 75501

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

By: /s/Alex F. Lankford, IV
_____
Alex F. Lankford, IV
Assistant United States Attorney
63 S. Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

℠JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ❐ 1   U.S. Government Plaintiff
- ❐ 2   U.S. Government Defendant
- ❐ 3   Federal Question (U.S. Government Not a Party)
- ❐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated *or* Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❐ 610 Agriculture | ❐ 422 Appeal 28 USC 158 | ❐ 400 State Reapportionment |
| ❐ 120 Marine | ❐ 310 Airplane | ❐ 362 Personal Injury - Med. Malpractice | ❐ 620 Other Food & Drug | ❐ 423 Withdrawal 28 USC 157 | ❐ 410 Antitrust |
| ❐ 130 Miller Act | ❐ 315 Airplane Product Liability | ❐ 365 Personal Injury - Product Liability | ❐ 625 Drug Related Seizure of Property 21 USC 881 | | ❐ 430 Banks and Banking |
| ❐ 140 Negotiable Instrument | ❐ 320 Assault, Libel & Slander | ❐ 368 Asbestos Personal Injury Product Liability | ❐ 630 Liquor Laws | **PROPERTY RIGHTS** | ❐ 450 Commerce |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | ❐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ❐ 640 R.R. & Truck | ❐ 820 Copyrights | ❐ 460 Deportation |
| ❐ 151 Medicare Act | ❐ 340 Marine | ❐ 370 Other Fraud | ❐ 650 Airline Regs. | ❐ 830 Patent | ❐ 470 Racketeer Influenced and Corrupt Organizations |
| ❐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❐ 345 Marine Product Liability | ❐ 371 Truth in Lending | ❐ 660 Occupational Safety/Health | ❐ 840 Trademark | ❐ 480 Consumer Credit |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | ❐ 350 Motor Vehicle | ❐ 380 Other Personal Property Damage | ❐ 690 Other | | ❐ 490 Cable/Sat TV |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle Product Liability | ❐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ❐ 810 Selective Service |
| ❐ 190 Other Contract | ❐ 360 Other Personal Injury | | ❐ 710 Fair Labor Standards Act | ❐ 861 HIA (1395ff) | ❐ 850 Securities/Commodities/ Exchange |
| ❐ 195 Contract Product Liability | | | ❐ 720 Labor/Mgmt. Relations | ❐ 862 Black Lung (923) | ❐ 875 Customer Challenge 12 USC 3410 |
| ❐ 196 Franchise | | | ❐ 730 Labor/Mgmt.Reporting & Disclosure Act | ❐ 863 DIWC/DIWW (405(g)) | ❐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❐ 740 Railway Labor Act | ❐ 864 SSID Title XVI | ❐ 891 Agricultural Acts |
| ❐ 210 Land Condemnation | ❐ 441 Voting | ❐ 510 Motions to Vacate Sentence | ❐ 790 Other Labor Litigation | ❐ 865 RSI (405(g)) | ❐ 892 Economic Stabilization Act |
| ❐ 220 Foreclosure | ❐ 442 Employment | **Habeas Corpus:** | ❐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❐ 893 Environmental Matters |
| ❐ 230 Rent Lease & Ejectment | ❐ 443 Housing/ Accommodations | ❐ 530 General | | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | ❐ 894 Energy Allocation Act |
| ❐ 240 Torts to Land | ❐ 444 Welfare | ❐ 535 Death Penalty | | ❐ 871 IRS—Third Party 26 USC 7609 | ❐ 895 Freedom of Information Act |
| ❐ 245 Tort Product Liability | ❐ 445 Amer. w/Disabilities - Employment | ❐ 540 Mandamus & Other | **IMMIGRATION** | | ❐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❐ 290 All Other Real Property | ❐ 446 Amer. w/Disabilities - Other | ❐ 550 Civil Rights | ❐ 462 Naturalization Application | | ❐ 950 Constitutionality of State Statutes |
| | ❐ 440 Other Civil Rights | ❐ 555 Prison Condition | ❐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ❐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ❐ 1  Original Proceeding
- ❐ 2  Removed from State Court
- ❐ 3  Remanded from Appellate Court
- ❐ 4  Reinstated or Reopened
- ❐ 5  Transferred from another district (specify)
- ❐ 6  Multidistrict Litigation
- ❐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❐ Yes   ❐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.      Example:      U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| v. | * | **CIVIL ACTION NO: 20-00439** |
| | * | |
| **One Taurus Millennium PT 138, .380 caliber** | * | |
| **handgun, serial number KSE 51569** | * | |
| | * | |
| | * | |
| **Defendant.** | * | |

## NOTICE OF FORFEITURE ACTION

The United States of America, by and through the United States Attorney for the Southern District of Alabama, Richard W. Moore, filed a Verified Complaint for Forfeiture, on September 18, 2020, against the defendant firearm in the case caption, alleged to be subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), which subjects to civil forfeiture any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g), including subsection (g)(1), which makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to possess in or affecting interstate any firearm which has been shipped or transported in interstate commerce.

On September 18, 2020, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, plaintiff sent this direct Notice of Forfeiture Action by certified mail, return receipt requested, to Dexter P. Hatcher, Register No. 17683-003, FCI Texarkana, Federal Correctional Institute, P.O. Box 7000, Texarkana, Texas 75501.

Those receiving this notice are notified that in order to defend against civil forfeiture of the property, any person claiming an interest in, or right against it, must first timely file a claim in the court where the action is pending, pursuant to Rules G(4) and G(5) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions.   Any such claim must: 1) identify the specific property claimed; 2) identify the claimant; 3) state the claimant's interest in the property; 4) be signed by *the claimant* under penalty of perjury; and, 5) be served on the government attorney handling the case who is identified below.

A claimant sent notice must file a claim no later than **35** days after the date notice is sent. This notice was sent on **September 18 2020**, making any claim by a claimant sent direct notice due no later than **October 23, 2020.**   In addition, any person having filed such a claim must also file an answer or motion in response to the complaint no later than **21** days after the filing of the claim.

Any claim you filed with the seizing agency in an administrative proceeding and any petition you filed in a related criminal action are **NOT** a substitute for the claim you must file in this action which meets the requirements of and within the time allowed under Rules G(4) and G(5), as described above.

Claims and Answers are to be filed with the Clerk, United States District Court, Southern District of Alabama, 155 St. Joseph Street, Mobile, Alabama 36602, with a copy thereof sent to Assistant United States Attorney, Alex F. Lankford, IV, 63 S. Royal Street, Suite 600, Mobile, Alabama 36602.

Dated: September 18, 2020.

                                              Respectfully submitted,

                                              RICHARD W. MOORE
                                              UNITED STATES ATTORNEY

                                              */s/Alex F. Lankford, IV*
By:                                          
                                              Alex F. Lankford, IV (LANKA0026)
                                              Assistant United States Attorney
                                              63 S. Royal Street, Suite 600
                                              Mobile, Alabama 36602

## **CERTIFICATE OF SERVICE**

      I certify that, on September 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to any counsel of record.   I further certify that on that day a copy of the same was sent via the United States Postal Service, Certified Mail/Return Receipt Requested, and Regular U.S. Mail to the following:

    Dexter P. Hatcher and Register No. 17683-003
    FCI Texarkana
    Federal Correctional Institute
    P.O. Box 7000
    Texarkana, Texas 75501

                      Respectfully submitted,

                      RICHARD W. MOORE
                      UNITED STATES ATTORNEY

                      */s/Alex F. Lankford, IV*
    By:                                      
                      Alex F. Lankford, IV (LANKA0026)
                      Assistant United States Attorney
                      63 S. Royal Street, Suite 600
                      Mobile, Alabama 36602
                      Telephone: (251) 441-5845

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| v. | * | **CIVIL ACTION NO: 20-00439** |
| | * | |
| **One Taurus Millennium PT 138, .380 caliber** | * | |
| **handgun, serial number KSE 51569** | * | |
| | * | |
| | * | |
| **Defendant.** | * | |

## WARRANT FOR ARREST OF ALL DEFENDANT FIREARMS LISTED IN CASE CAPTION

**TO THE BUREAU OF ATF OF THE SOUTHERN DISTRICT OF ALABAMA AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

**WHEREAS**, a Verified Complaint for Forfeiture *In Rem* which had been filed in this Court on September 18, 2020, alleges that the defendant *in rem* in the above-captioned action is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), which subjects to civil forfeiture any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g), including subsection (g)(1), which makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to possess in or affecting interstate any firearm which has been shipped or transported in interstate commerce; and,

**WHEREAS**, the defendant is more particularly identified in the above case caption; and,

**WHEREAS**, said defendant is alleged to be in the government's possession, custody or control in the Verified Complaint for Forfeiture *In Rem*, namely, the ATF in the Southern District of Alabama; and,

**WHEREAS**, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, effective December 1, 2006, requires that the Clerk of Court issue a warrant for arrest of such defendants if same are in the government's possession, custody, or control, and,

**WHEREAS,** service of a warrant for arrest in connection with a Verified Complaint for Forfeiture on property already in the government's possession, custody or control is necessary to establish the Court's *in rem* jurisdiction over the property;[1] and,

**WHEREAS**, Rule G(3)(b)(iii) provides that a warrant for arrest and any supplemental process may be executed outside the district when the Verified Complaint for Forfeiture *In Rem* is filed if authorized by statute; and,

**WHEREAS**, 28 U.S.C. §1355(d) authorizes any Court with jurisdiction over a forfeiture action pursuant to subsection (b) may issue and cause to be served in any district such process may be required to bring before the court the property that is the subject of the forfeiture action by any court with jurisdiction over a forfeiture action; and,

**WHEREAS,** the United States District Court for the Southern District of Alabama has jurisdiction of this action as at least some of the acts or omissions giving rise to the forfeiture occurred in the district, authorizing the issuance and service of the warrant in another district under

---

[1] *United States v. All Funds Distributed to Weiss*, 345 F.3d 49, 55 n.7, 56 n.8 (2d Cir. 2003) (seizure or constructive control of the property is necessary for the court to exercise in rem jurisdiction; distinguishing *James Daniel Good* as creating a special case for real property); *Ventura Packers, Inc. V. F/V Kathleen*, 424 F.3d 852, 853 (9th Cir. 2005) (in rem jurisdiction is obtained by serving an arrest warrant in rem pursuant to [former] Rule C(3)); *United States v. One Oil Painting*, 362 F. Supp. 2d 1175, 1183-84 (C.D. Cal. 2005) (the court does not obtain jurisdiction over the res until it is arrested, seized, or otherwise brought within the court's control; obtaining jurisdiction over the property and sending notice to potential claimants are different concepts).

28 U.S.C. §1355(b)(1)(A).

**YOU ARE, THEREFORE, HEREBY COMMANDED** to as soon as practicable arrest and seize the defendant described herein and in the Verified Complaint for Forfeiture *In Rem*, to make prompt return thereof, and to use discretion and whatever means appropriate to protect and maintain said defendant.

Dated: _____

                                      CHARLES R. DIARD, JR.

                                      CLERK OF COURT

                                      By: _____

                                              Deputy Clerk